Daniels, J.
The judgment was recovered for losses in
*603 stock transactions alleged to have been carried on at the instance, and for the benefit, of the defendant. A prominent objection taken hi support of the appeal, is that the complaint was upon an account stated, while the referee has not found that as a fact by his report. But this is altogether too narrow a construction to be placed upon the complaint, for by the statements contained in it, and the account annexed to it and made a part of it, all the facts are disclosed relating to the dealings between these parties, and proof of those facts was admissible upon the trial before the referee. The evidence on behalf of the plaintiffs had a direct tendency to prove the accuracy of the charges and credits contained in the account, for it was to the effect that the account had been presented to the defendant and examined by him, and he had promised to pay the balance. These facts were stated by one of the plaintiffs who was sworn and examined as a witness on the trial. His evidence relating to them was materially sustained by the testimony of ms brother, and from that evidence it could very well be inferred as it was by the referee, that the transactions mentioned in the account, and referred to in the complaint, had taken place between these parties. The defendant denied having received the account and the making of the promise stated to have been made to pay the balance, and in that denial he was sustained by the first witness who was called and sworn on his behalf. But while this evidence created a direct issue between himself and the plaintiffs, it was not so controlling as to render it erroneous for the referee to disregard it in the decision which he made. It was, on the contrary, the presentation of such a conflict between the witnesses as it was his duty to solve and determine in the disposition of the case. The witnesses were before him, he heard their statements, and observed their manner and deportment in the course of their examination, and it was for him to decide to which of these statements credit should reasonably and properly be given.
The evidence given by the defendant was to the further effect that the risks of the dealings in the stocks was to be taken and borne by the plaintiff. That, however, was denied by him, and so was the further testimony that the transactions were to include no actual purchases or sales, but were to be limited to the fluctuations in the market prices. The evidence upon the facts, like that relating to the other, presented a conflict which it was the duty of the referee to determine, and in his determination he is sustained by the law making it the province of the tribunal hearing the witnesses to decide to whose statements credit and reliance should be given.
Upon all the subjects which were presented by the testi *604 many the questions raised were questions of fact, which the court has no authority to review, when the evidence may be free from any decided preponderance on either side, as it was on this trial.
The referee, on the objection of the plaintiff, excluded in the first instance the account which had been delivered to him by the agents of the plaintiffs.' The ruling by which that was excluded was placed upon the ground that the defendant had failed to produce the account according to a notice served upon him requiring its production, and thereby imposed upon the plaintiffs the necessity of making proof of, and relying upon the copy retained by themselves. This ruling was correct, and was within the well-settled legal principle applicable to conduct of this description. But if it was not, no legal prejudice resulted from it to the defendant, for the reason that the account was finally received in evidence, for the only important purpose for which it appeared to be material upon the trial. The defendant was also permitted to state that the account referred to by the witnesses, Martin, in their testimony, had never been delivered to him, and that corrected the ruling, even if it should not have been made, which has been made the subject of complaint on this part of the case. The ruling of the referee striking out the statement of the defendant that he made none of the alleged transactions in the stocks was entirely harmless, for the reason that the defendant gave further evidence to the same effect as that which was stricken out. And it was entirely proper to allow the plaintiff, Martin, to contradict the statement of the defendant as to what he had declared his purpose to have been, in calling at the plaintiffs’ office. Whether the defendant consented to engage in the transactions upon the plaintiffs’ request and solicitation was wholly immaterial, and that the account received from the witness, Berthond, was the only statement of account he had received, was not a fact so established by the evidence as to render it the duty of the referee to find it to have been proven. The same observation is applicable to the ninth request, and so it is to the tenth, for the evidence was such as to leave the referee at liberty to find and decide differently, as he deemed it his duty to do. The seventh request was wholly unimportant, for the reason that it appeared from the evidence itself, as well as the defendant’s answer, that he did not concede, but denied, his indebtedness to the plaintiffs. No other exception in the case requires to be considered for its disposition. Neither seems to have Been legally well founded, and as the evidence sustained the conclusions of the referee the judgment should be affirmed.
Brady, J., concurs.